## RHEA LAND COMPANY v. H. C. DUNCAN, *et al.*

151 So. 487.
Special Division B.
ON PETITION FOR A REHEARING.
Opinion Filed December 4, 1933.
Rehearing Denied December 29, 1933.

*E. H. Wilkerson,* for Plaintiff in Error;

*J. W. Hunter,* for Defendants in Error.

PER CURIAM.—This cause having heretofore been submitted to the Court upon the transcript of the record of the judgment herein, and briefs and argument of counsel for the respective parties, and the record having been seen and inspected, and the Court being now advised of its judgment to be given in the premises, it seems to the Court that there is no error in the said judgment; it is, therefore, considered, ordered and adjudged by the Court that the said judgment of the Circuit Court be, and the same is hereby affirmed.

DAVIS, C. J., and WHITFIELD and BUFORD, J. J., concur.

ON PETITION FOR A REHEARING.

PER CURIAM.—The judgment herein was affirmed on December 4, 1933, by a *per curiam* order of affirmance entered without opinion, by Special Division of this Court. Upon petition for rehearing, the Court sitting as one body, has reexamined the transcript of the record in the light of the points of law insisted on in plaintiff in error's brief.

That reconsideration has resulted in the conclusion that no reversible error has been made to appear in the judgment.

Whether or not a case at issue and appearing ready for trial shall be placed on the trial docket and ordered tried at a particular term of court is a matter within the trial judge's sound judicial discretion to decide. His decision to order the case tried will not be reversed, unless abuse of its exercise is made to appear by some showing that, by the court's action, the complaining party has been taken by surprise, or otherwise prejudiced in his defense. No such showing has been made in the present case.

Section 4857, C. G. L., 3076, R. G. S., providing that the clerk shall make up a trial docket upon which shall be entered, *before each term of court,* all cases at law triable at that term, does not restrict the right of the trial judge to order placed upon the trial docket, for trial at a term of court already convened, any case at law which appears to be at issue and ready for trial during that term, provided due notice of the court's action is communicated to counsel representing the affected parties so that judgment will not go against an absent party by default of appearance for trial after reasonable opportunity to be present. In this case the sole ground for asking that the present case be stricken from the trial docket was that the form of the statute had not been observed, not that the rights and interest of the defendant would be adversely affected or prejudiced by a trial during the term at which the case was ordered placed on the trial docket. The case was ordered placed on the trial docket on May 6, 1931. Trial was not had until June 18, 1931, which allowed ample time for the defendant to be ready for trial.

The substance of the controversy as disclosed by the evidence was that defendant had become indebted to plaintiffs

for legal services rendered by one of them as an attorney at law, incident to matters beneficial to defendant corporation and as to which it received and accepted the benefit arising. No error of procedure sufficient to warrant reversal of the judgment was made to appear so the judgment of affirmance heretofore rendered will be adhered to and the petition for rehearing denied.

Rehearing denied.

DAVIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.